**Herbert Melford REDBIRD, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17264.**

Court of Criminal Appeals of Oklahoma.

Jan. 31, 1973.

Justus Hefley, Anadarko, for appellant.

Larry Derryberry, Atty. Gen., Michael Cauthron, Asst. Atty. Gen., Kenneth L. Delashaw, Jr., Legal Intern, for appellee.

BUSSEY, Judge:

Appellant, Herbert Melford Redbird, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Caddo County, Case No. CRT–71–1577, for the crime of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor, under the provisions of 47 O.S. 11–902. He was sentenced to serve thirty (30) days in the county jail and pay a fine of One Hundred Fifty Dollars ($150.00), in accordance with the verdict of the jury, and a timely appeal has been perfected to this Court.

Briefly stated, the facts adduced on the trial reveal that Oklahoma Highway Patrol Trooper Ron Greer stated that on July 5, 1971, while driving west from Anadarko, he encountered the defendant traveling in the opposite direction; that upon rounding

a curve defendant's vehicle ran onto the shoulder and swerved back onto the road. The trooper turned his patrol car around in pursuit and further observed the defendant cross the center line and again run back onto the shoulder. An oncoming vehicle apparently noticing this activity, pulled his vehicle off the road to evade a possible mishap. The witness eventually stopped the defendant and asked him to get out of his car. The defendant's verbal responses were limited, he was staggering, and propped himself against his automobile. The trooper stated that the defendant smelled of alcohol and in his opinion, was under the influence. Trooper Greer observed a six pack of beer and two full cans in a sack inside the car. After summoning a wrecker to remove the defendant's vehicle from the highway, the witness took the defendant to the Sheriff's office in Anadarko to administer a breathalizer test, the results of which indicated the defendant's blood alcohol content was .23 percent.

Lt. Joe Williams, District Supervisor for the Oklahoma Highway Patrol, testified that in conjunction with supervisory duties, he is responsible for checking the operational condition of the breathalizer machine in Caddo County and stated that he had examined the machine in question on July 4th and July 11th, 1971, and found the device to be functioning properly.

No further evidence was presented by the State or defendant.

On appeal, defendant urges only one assignment of error, the same being:

"Error of the court in receiving a verdict of another case during the proceedings of this case while the jury was in the box without a recess and on the court's own motion and duly excepted to by the defendant."

The defendant cites Townley v. State, Okl. Cr., 355 P.2d 420 (1959), as sole authority for this proposition.

From the record it appears that the jury had not been empanelled, but only two of the jurors had been selected in the case when the verdict was entered. It further appears that after the court overruled counsel's Motion for Mistrial, and although he had ample opportunity to meticulously question each of the jurors individually concerning whether or not they were prejudiced by the receipt of the verdict by the court in their presence, he failed to do so.

The dicta in *Townley, supra,* concerning the impropriety of bringing prisoners in for the acceptance of their pleas of guilty and imposing sentences on them for such pleas in the presence of a duly empanelled jury, clearly would have no application in the instant case, since the situation contemplated in *Townley, supra,* does not exist here; namely, once a jury has been empanelled and pleas accepted, there was no opportunity for counsel for defense to question them concerning the prejudicial effect of such pleas.

In light of the overwhelming evidence of the guilt of the defendant in the instant case, and the comparatively light sentence which he received, we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby, Affirmed.

BLISS, P. J., and BRETT, J., concur.